UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS, CDCR #V-34099,<br><br>                            Plaintiff,<br><br>vs.<br><br>MARCUS POLLARD, Warden; B.D PHILLIPS, Associate Warden; D. LEWIS, Associate Warden; GARCIA, Facility Captain,<br><br>                           Defendants. | Case No.: 3:21-cv-00055-CAB-BGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

     John Wesley Williams ("Plaintiff"), currently incarcerated at R.J. Donovan State Prison ("RJD"), has filed a pro se civil rights action pursuant 42 U.S.C. § 1983. (*See* ECF No. 1.) Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing. He has instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. §1915(a). (*See* ECF No. 2.)

/ / /

/ / /

/ / /

I.      **Motion to Proceed In Forma Pauperis**

   A.      <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Williams, however, "face an additional hurdle." *Id*. In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to preclude the privilege to proceed IFP in cases where the prisoner:

> . . . has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"This subdivision is commonly known as the 'three strikes' provision." *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id*.; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereafter "*Cervantes*") (stating that under the PLRA, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]"). The objective of the PLRA is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether

2

3:21-cv-00055-CAB-BGS

the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)). "When . . . presented with multiple claims within a single action," however, courts may "assess a PLRA strike only when the case as a whole is dismissed for a qualifying reason under the Act." *Hoffman v. Pulido*, 928 F.3d. 1147, 1152 (9th Cir. 2019) (citing *Washington v. L.A. Cty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016)).

  A court may take judicial notice of its own records, *see Molus v. Swan*, Civil Case No. 3:05-cv-00452–MMA-WMc, 2009 WL 160937, *2 (S.D. Cal. Jan. 22, 2009) (citing *United States v. Author Services*, 804 F.2d 1520, 1523 (9th Cir. 1986)); *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015), and "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Therefore, this Court finds, based on a review of its own dockets and other court proceedings available on PACER, that Plaintiff John W. Williams, identified as CDCR #V-34099, has had more than three prior prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

  They are:

  1) *Williams v. Narramore, et al.*, Civil Case No. 2:03-cv-01972-UA-AJW (C.D. Cal., West. Div., July 25, 2003 Order denying IFP and dismissing case for "failure to state a claim on which relief can be granted" pursuant to 28 U.S.C. § 1915(e) [ECF No. 6]) (strike one);

  2) *Williams v. Gonzer*, Civil Case No. 2:04-cv-08941-UA-AJW (C.D. Cal., West. Div., Nov. 22, 2004 Order denying IFP and dismissing case for "failure to state a claim upon which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1)) [ECF No. 2]) (strike two);

3) *Williams v. Young*, Civil Case No. 2:08-cv-01737-WBS-CMK (E.D. Cal., June 4, 2010 Findings and Recommendations ["F&R"] to dismiss Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1), (2) [ECF No. 55]), (E.D. Cal. June 29, 2010 (Order adopting F&R and dismissing case) [ECF No. 57]  (strike three);

4) *Williams v. Hubbard, et al.*, Civil Case No. 2:10-cv-01717-UA-FFM (C.D. Cal., West. Div., July 6, 2010 Order denying IFP and dismissing case as "frivolous, malicious, or [for] fail[ing] to state a claim upon which relief may be granted." [ECF No. 3]) (strike four);

5) *Williams v. Hubbard, et al.*, Ninth Circuit Appeal No. 10-56230 (Nov. 4, 2010 Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous.") [DktEntry 6]); (Dec. 8, 2010 Order dismissing appeal for failure to prosecute) [DktEntry 7])[1] (strike five);

6) *Williams v. Harrington, et al.*, Civil Case No. 1:09-cv-01823-GSA (E.D. Cal. May 25, 2012 Order dismissing civil action with prejudice for failure to state a claim upon which relief may be granted under section 1983 pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) [ECF No. 29]) (strike six); and

7) *Williams v. Soto, et al.*, Ninth Circuit Appeal No. 14-15524 (May 14, 2014 Order denying appellant's motion to proceed IFP "because we find that the appeal is frivolous.") [DktEntry 7]); (June 6, 2014 Order dismissing appeal for failure to prosecute) [Dkt Entry 9]) (strike seven).[2]

---

[1] *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that appellate court's denial of prisoner's request for IFP status on appeal on grounds of frivolousness constituted a "strike" under § 1915(g) "even though [it] did not dismiss the appeal until later when the [appellant] did not pay the filing fee.").

[2] The Court notes Plaintiff has previously been denied leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) in this Court, and had his IFP status revoked in the Northern and Central Districts of California as well. *See Williams v. Neotti, et al.*, Civil Case No. 3:10-cv-02672-

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52 (noting § 1915(g)'s exception for IFP complaints which "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing."). Plaintiff's allegations that his pre-existing medical conditions coupled with Defendants' failure to protect him from being exposed to Covid-19 are sufficient, when considered as a "threshold procedural question" to plausibly suggest he faced "imminent" or "ongoing danger" of physical injury at the time of filing. *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1057 (distinguishing plausible allegations of "imminent danger" exception under § 1915(g) at the "threshold stage" as distinct from the court's duty to "evaluate the merits of the suit."). Accordingly, the Court concludes that while Plaintiff has accumulated more than the three strikes permitted by 28 U.S.C. § 1915(g), the factual allegations in his Complaint plausibly meet § 1915(g)'s imminent danger exception. *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

B. Discussion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[3] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to

---

H-BGS (S.D. Cal. Jan. 12, 2011) (ECF No. 3); *Williams v. Soto, et al.*, Civil Case No. 4:12-cv-03583-YGR (PR) (N.D. Cal. March 7, 2014) (ECF No. 36); *Williams v. Moore, et al.*, Civil Case No. 2:13-cv-09522-PSG-FFM (C.D. Cal., West. Div., March 10, 2015) (R&R to deny IFP as barred by 28 U.S.C. § 1915(g) [ECF No. 58]); (C.D. Cal. West. Div. May 4, 2015) (Order adopting R&R [ECF No. 60]); and *Williams v. Soto*, Civil Case No. 2:15-cv-01294-PSG-FFM (C.D. Cal., West. Div., Feb. 27, 2015 Order denying IFP as barred by 28 U.S.C. § 1915(g)) [ECF No. 5].

[3] For civil cases like this one, filed before December 1, 2020, the civil litigant bringing suit must pay the $350 statutory fee in addition to a $50 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Cervantes*, 493 F.3d at 1051; *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews*, 398 F.3d at 1119. From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

In support of his IFP Motion, Williams has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Williams' trust account activity, as well as the attached prison certificate verifying his available balances. (*See* ECF Nos. 2–3.) These documents show that Williams carried an average monthly balance of $52.87,

---

(eff. June. 1, 2016). The $50 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*. This administrative fee increased to $52 for civil cases filed on or after December 1, 2020, but that portion still does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020).

average monthly deposits to his trust account for the six months preceding the filing of this action of $39.47, and an available balance of $0.00 at the time of filing. (*See* ECF No. 3 at 1.) Therefore, the Court **GRANTS** Williams' Motion to Proceed IFP (ECF No. 2) and does not assesses an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because Williams does not have sufficient funds. The Court directs the Secretary of the CDCR, or her designee, to collect the $350.00 balance of the filing fees required by 28 U.S.C. Section 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### III. Sua Sponte Screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)

#### A. Standard of Review

Because Williams is a prisoner and is proceeding IFP, his Complaint also requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a Plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

C.  Discussion

Williams claims Defendants have violated his Eighth Amendment rights by failing to protect him from contracting Covid-19 while in prison. (*See* Compl. at 2-7.) Williams suffers from "pre-diabetes, obesity and respiratory issues requiring a CPAP machine to sleep." (*Id.* at 3.) These conditions put him as increased risk of serious disease or death if he contracts Covid-19. (*Id.*) According to Williams, he submitted a grievance to prison authorities in June/July of 2020 which he complained that the "generic face masks" Defendants have distributed to inmates and staff are of "poor quality" and do not protect inmates from exposure to Covid-19, that prison officials had not implemented sufficient sanitation procedures in the prison, that prisoners were being double celled in violation of

social distancing guidance from health authorities, and that prison officials were not wearing face masks inside the housing units. (*Id.* at 3.) Williams claims prison officials never responded to his grievance. (*Id.*)

Williams contends that as a direct result of prison officials failure to implement measures to protect inmates from contracting Covid-19, RJD suffered a major Covid-19 outbreak in Williams' housing unit. (*Id.* at 5–6.) He claims Defendants continue to house infected inmates with non-infected inmates, do not properly sanitize showers, living areas, or telephones between prisoners and allow infected inmates to share the same dining areas and laundry services as non-infected inmates. (*Id.* at 6–7.) As a result of Defendants' actions and inactions, Williams is in constant fear of contracting Covid-19, which would be a serious medical issue for him given his pre-existing conditions, and suffers from panic attacks, migraines, muscle aches, and indigestion as a result of stress. (*Id.*)

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. In order to state a plausible Eighth Amendment claim for relief, a Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference." *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Iqbal*, 556 U.S. at 678. "A prison official acts with 'deliberate indifference . . . only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Prison officials have a duty to protect inmates from communicable diseases. *See e.g.*, *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); *Hutto v. Finney*, 437 U.S. 678, 682-83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from

infectious diseases, such as Hepatitis and venereal disease, and the individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); *Cervantes*, 493 F.3d at 1050 (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases—HIV, Hepatitis C, and Heliobacter pylori—and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); *Maney v. Hall*, __ F. Supp. 2d __, 2021 WL 354384, at *12 (D. Or. Feb. 2, 2021) (citing cases recognizing prison officials' duty to protect inmates from exposure to communicable diseases under the Eighth Amendment). Accordingly, the Court concludes that Williams has stated a plausible Eighth Amendment claim sufficient to meet the screening standard against the Defendants for failing to protect him against exposure to Covid-19. *Iqbal*, 556 U.S. at 678.

## IV.    Conclusion and Orders

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order by U.S. Mail on Kathleen Allison, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001, or in the alternative by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants MARCUS POLLARD, B.D PHILLIPS, D. LEWIS, and GARCIA,

and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with certified copies of this Order, certified copies of his Complaint (ECF No. 1), and the summons so that he may serve the Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the USM Form 285s as completely and accurately as possible, include an address where each Defendant may be found and/or subject to service pursuant to S.D. Cal. CivLR 4.1c., and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package.

     5.    **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon Defendants upon receipt and as directed by Plaintiff on the completed USM Form 285s, <u>and to promptly file proof of service, or proof of any attempt at service unable to be executed, with the Clerk of Court</u>. *See* S.D. Cal. CivLR 5.2. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

     6.    **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," defendant is required to respond).

     7.    **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or if appearance has been entered by counsel, upon Defendants counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any

document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon the Defendants, or their counsel, may be disregarded.

**IT IS SO ORDERED.**

Dated:  February 16, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge