UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| John Wesley WILLIAMS,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Marcus POLLARD, *et al.*,<br><br>　　　　　　　　　Defendants. | Case No.: 21-cv-00055-CAB-BGS<br><br>**ORDER DENYING PLAINTIFF'S MOTION AND REQUEST FOR ORDER REQUIRING DEFENDANTS TO PRODUCE BODY CAMERA FOOTAGE**<br><br>[ECF No. 16] |

　　　　Plaintiff John Wesley Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (*See* ECF Nos. 4, 19.) On July 27, 2021, Plaintiff filed a Motion and Request for Order Requiring Defendants to Produce Body Camera Footage ("Motion"). (ECF No. 16.) In his motion, Plaintiff requested that the Court direct "Defendant Pollard to produce body camera footage from archives [. . .] in order to obtain undisputed evidence of current and existing positive COVID-19 cases among the inmate population[.]" (*Id.* at 1.) Plaintiff claimed that the Defendants blatantly lied and intentionally misrepresented facts to the Court in their Motion to Dismiss the Original Complaint[1] when the Defendants stated that "currently

---

[1] On August 23, 2021, Plaintiff filed his First Amended Complaint. (ECF No. 19.) On September 7, 2021, Defendants filed their Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 21.) On September 9, 2021, Defendants then moved to withdraw their Motion to Dismiss the Original Complaint

1

[R.J. Donovan Prison] has zero active cases of COVID-19 amongst inmates[.]" (*Id.* at 2.) Plaintiff stated that he needs the Court to review the body camera footage referenced in the motion to verify that the Defendants are misleading the Court since he has "no other means of securing this meritorious evidence[.]" (*Id.* at 3.)

However, Plaintiff's Motion is premature. Plaintiff filed his First Amended Complaint on August 23, 2021, (ECF No. 19), and on September 7, 2021, Defendants moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 21). No answer has been filed in this case, and the Court has not yet issued a Scheduling Order Regulating Discovery and Other Pre-trial Proceedings. (*See* Docket.) In light of the procedural posture of this case, the Court will not authorize Plaintiff to conduct discovery until the pending Motion to Dismiss (ECF No. 21) is resolved and the Court issues a Scheduling Order.

Accordingly, at this stage of the proceedings, Plaintiff's Motion (ECF No. 16) is premature and is **DENIED without prejudice**. *See Jones v. Wong*, No. 2:15-cv-0734-TLN-AC, 2018 WL 2297056, at *8 (E.D. Cal. May 2018) (denying motion to compel discovery in part as premature and noting that "[a] new [scheduling] order will issue after the assigned District Judge rules on the motion to dismiss."); *Ford v. Lewis*, Case No.: 16cv1126-LAB-BLM, 2016 WL 11281412, at *1 (S.D. Cal. Dec. 2016) ("Plaintiff's instant motion for the production of documents is premature because Defendants have not answered Plaintiff's Complaint, and therefore the Court has not opened discovery.").

**IT IS SO ORDERED**.

Dated: September 16, 2021

Hon. Bernard G. Skomal
United States Magistrate Judge

---

(ECF No. 26), which was granted on September 14, 2021 (ECF No. 27). As a result, Defendants are now proceeding with their Motion to Dismiss Plaintiff's First Amended Complaint. (*See* ECF Nos. 21, 26.)