UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOHN WESLEY WILLIAMS,
CDCR #V-34099,

                    Plaintiff,

        v.

WILLIAM M. POLLARD, et al.,

                  Defendants.

Case No.: 21-cv-0055-RSH-BGS

**ORDER ON MOTION TO DISMISS BY DEFENDANTS MADDEN, ROBERTS, AND GLYNN**

**[ECF No. 57]**

      Plaintiff John Wesley Williams filed this action pursuant to 42 U.S.C. § 1983 alleging that officials at the Richard J. Donovan Correctional Facility ("RJD") violated his Eighth Amendment rights. Plaintiff's Second Amended Complaint ("SAC"), filed on February 4, 2022, is the operative complaint. ECF No. 42. Three of the Defendants – R. Madden, S. Roberts, and M. Glynn – have moved to dismiss the SAC against them based on failure to state a claim (the "Motion"). ECF No. 57. The Motion is fully briefed. ECF Nos. 64, 66. As explained further below, the Court grants the Motion.

## I. Background

      Plaintiff initiated this action by filing a *pro se* civil rights Complaint on January 1, 2021, accompanied by an application to proceed *in forma pauperis*, naming as Defendants

RJD Warden Pollard and three others. ECF Nos. 1-2. On May 5, 2020, the Court granted Plaintiff leave to proceed *in forma pauperis*, screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and directed service as to all four Defendants. ECF No. 4.

On May 28, 2021, Defendants filed a motion to dismiss the original Complaint. ECF No. 12. Plaintiff filed his First Amended Complaint ("FAC") on August 24, 2021, dropping one of the original Defendants but adding four new ones. ECF No. 19. On September 7, 2021, Defendants withdrew their motion to dismiss the original Complaint and filed a motion to dismiss the FAC. ECF No. 21.

On January 19, 2022, the Court granted in part and denied in part the motion to dismiss, dismissing the FAC against all defendants except Pollard, and granting Plaintiff leave to amend. ECF No. 40. On February 4, 2022, Plaintiff filed the SAC. ECF No. 42.

The SAC names six RJD defendants: (1) RJD Warden Pollard, (2) Warden R. Madden, (3) Chief Medical Executive S. Roberts, (4) CEO M. Glynn, (5) Chief Deputy Warden R. Buckel, and (6) Correctional Sergeant Navarro. Of these, Pollard, Buckel, and Navarro had previously been named as defendants, and have appeared in this action, ECF No. 44; the other three Defendants, newly added, filed the Motion at issue in this Order.

In the SAC, Plaintiff alleges as follows. He has pre-existing health conditions which place him at a heightened risk of death or severe illness if infected with COVID-19. ECF No. 42 at 4. While incarcerated at RJD, Defendants were deliberately indifferent to his risk of exposure to the virus in violation of the Eighth Amendment. RJD staff: (1) provided poor quality masks to inmates and to RJD staff, and some staff refused to wear masks at all; (2) failed to properly sanitize the housing unit or enforce social distancing guidelines; (3) refused to separate infected from non-infected inmates, and housed Plaintiff with an inmate who tested positive for the virus for one night in December 2020, intimidating Plaintiff into agreeing to the arrangement; and (4) ignored grievances filed by Plaintiff. *Id.* at 4-10, 12-16. As a result, Plaintiff suffered panic attacks and other ongoing physical and emotional distress, as well as chest pains and loss of taste and smell; and he ultimately tested positive for COVID-19, requiring quarantine from January 19, 2022 to January 25,

2022. *Id.* at 7, 14, 16. Plaintiff's symptoms while infected were severe, but have largely passed; now he is left with lingering mucus in his chest. *Id.* at 16. Plaintiff seeks damages, and an injunction to prevent ongoing deliberate indifference to COVID-19 exposure. *Id.* at 20.

## II.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Plausibility requires pleading facts, as opposed to conclusory allegations or the "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. The factual allegations must rise above the mere conceivability or possibility of unlawful conduct. *Iqbal*, 556 U.S. at 678-79. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009), quoting *Iqbal*, 556 U.S. at 678.

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted). To state a § 1983 claim, a plaintiff must plausibly allege that (1) the acts of

Defendants (2) taken under color of state law (3) deprived him of his federal rights, privileges or immunities and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005).

The Eighth Amendment's cruel and unusual punishments clause is violated when prison officials are deliberately indifferent to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 102-05 (1976). To establish deliberate indifference, a prisoner must allege facts from which a trier of fact might reasonably conclude that the treatment he received placed him at risk of "objectively, sufficiently serious" harm, and that a prison official had a "sufficiently culpable state of mind" when they provided or denied medical care. *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). A plaintiff must show that defendants knew of and disregarded "an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

## III.   Analysis

Here, newly added defendants Madden, Roberts, and Glynn argue in the Motion that the SAC – regardless whether it states an Eighth Amendment claim against one or more of the other Defendants – fails to state a claim against the three of them. Defendants argue that the SAC "attributes no specific conduct to Roberts, Glynn, and Madden," but instead seeks to hold them responsible without pleading facts that would establish unlawful conduct by them. ECF No. 57 at 4.

Defendants' characterization of the SAC is accurate. The SAC alleges in general terms that each of them, like the other Defendants, "acted with deliberate indifference by failing to adequately protect Plaintiff from COVID-19 infection exposure." ECF No. 42 at 2-3. Plaintiff alleges that in mid-2020, he complained that Roberts and Glynn (along with other Defendants) issued "generic face masks of poor quality." *Id.* at 4. He alleges that Madden (along with other Defendants) played a role in RJD's grievance process in general. *Id.* at 5. He also alleges that Madden, Roberts, and Glynn (among other Defendants) failed

4

to separate infected and non-infected inmates. *Id.* at 6, 10, 15. He further alleges that Roberts and Glynn (among other Defendants) practiced poor sanitation through the pandemic. *Id.* at 14.

District courts have held that similar allegations fail to state a claim where they fail to allege facts showing how each defendant is responsible. *See Swan v. R.J. Donovan C.F.*, No. 21-CV-1455-JLS-MDD, 2022 WL 2134605 (S.D. Cal. June 14, 2022) (holding that a complaint failed to state a claim, despite alleging that the defendant prison officials were personally aware of his medical vulnerabilities and took no action in response to his grievances, where it failed to plausibly allege facts supporting defendants' personal role in causing harm to the plaintiff and supporting their deliberate indifference to the plaintiff's health or safety); *Flourney v. Does 1-15*, No. 3:21-CV01767-CAB-BGS, 2022 WL 254568, at *3-*4 (S.D. Cal. Jan. 27, 2022) (holding that a complaint failed to state a claim, despite alleging that the plaintiff's infection resulted from prison officials' failure to sufficiently enforce COVID-19 guidelines in his housing unit, because complaint did not set forth specific facts as to "each individual defendant's wrongdoing"); *Acuna v. Pollard*, No. 21-CV-1910-LL-AGS, 2022 WL 184659, at *2-*4 (S.D. Cal. Jan. 20, 2022) (holding that a complaint failed to state a claim, despite alleging that the plaintiff's infection resulted from prison officials' "fail[ure] to implement proper protocol," because the complaint did not contain individualized allegations against each of the eight defendants); *McKissick v. Gastelo*, No. 2:21-CV-01945-VAP-MAA, 2021 WL 2895679, at *5 (C.D. Cal. July 9, 2021) ("[T[o state a cognizable Eighth Amendment claim, Plaintiff must provide more than generalized allegations that Defendants have not done enough to enforce six-feet social and living distancing, or provided sufficient cleaning supplies, in order to control the spread of COVID-19. . . . . Plaintiff fails to allege facts showing how each Defendant specifically was responsible for such failings, or allege a causal link between each Defendant and the claimed constitutional violation.")

Similar to the cases cited above, Plaintiff's allegations against Madden, Roberts, and Glynn do not support an inference of personal participation and deliberate ignorance as to

each of them, and therefore fail to state a claim. *See also Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983"); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (a prisoner must allege "(1) that the specific prison official, in acting or failing to act, was deliberately indifferent to the mandates of the eighth amendment and (2) that this indifference was the actual and proximate cause of the deprivation of the inmates' eighth amendment right to be free from cruel and unusual punishment.").

Plaintiff's Opposition argues that Roberts and Glynn, in response to one of Plaintiff's grievances, ordered a medical quarantine that ultimately resulted in Plaintiff being housed together with an infected inmate in December 2020. ECF No. 64 at 2-3. Plaintiff contends that these allegations are sufficient to show their deliberate ignorance. ECF No. 64 at 4-5. But as Defendants point out in their Reply, this allegation against Roberts and Glynn is not contained in the SAC, which instead blames the decision to house Plaintiff with an infected inmate on Defendant Navarro's desire to get home for Christmas dinner. ECF No. 66 at 2; ECF No. 42 at 8. Plaintiff also argues that Roberts and Glynn signed off on a grievance response document that conceded (after the fact) that Plaintiff had reportedly been celled with an infected inmate on December 25, 2020.[1] ECF No. 64 at 2-3. This too, falls short of pointing to allegations in the SAC that would plausibly establish their liability for violating Plaintiff's Eighth Amendment rights. Plaintiff's Opposition does not even mention defendant Madden. ECF No. 64.

---

[1]     The referenced document appears to be Exhibit D to the SAC, ECF No. 42-4 at 11-13.

#### IV.    Conclusion

For the above reasons, the Court GRANTS the motion to dismiss of Defendants Madden, Roberts, and Glynn. The Second Amended Complaint is DISMISSED as to each of these three defendants.[2]

The Motion does not address whether Plaintiff should be granted leave to amend in the event of a dismissal. Because Plaintiff may be able to cure the pleading defects against Madden, Roberts, and Glynn, this dismissal is without prejudice and he is granted leave to amend as to those Defendants. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). The Court therefore GRANTS Plaintiff leave to file a Third Amended Complaint within thirty (30) days from the date this Order is filed if he wishes to do so. The Third Amended Complaint must be complete by itself without reference to any original pleading. Defendants not named and any claim not re-alleged will be considered waived. If Plaintiff does not timely file a Third Amended Complaint, this action will proceed against the remaining Defendants, namely Pollard, Buckel, and Navarro.

**SO ORDERED.**

Dated: November 9, 2022.

*Robert S. Huie*

_____

Hon. Robert S. Huie
United States District Judge

---

[2]    In granting Defendants' Motion based on failure to sufficiently allege a constitutional violation, the Court does not rule on Defendants' alternative argument based on qualified immunity.