1
2
3
4
5
6
7
8
9          IN THE UNITED STATES DISTRICT COURT
10        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
11
12   **JOHN WESLEY WILLIAMS,**        3:21-cv-00055-RSH-BGS
13                        Plaintiff,  **ORDER REGARDING**
                                      **DISCOVERY DISPUTES**
14            **v.**
15                                    **[ECF 122]**
     **M. POLLARD, ET AL.,**
16
                         Defendants.
17
18        On November 21, 2023, this Court held a discovery conference regarding
19   disputes over Plaintiff's Requests for Production (RFPs) and Interrogatories
20   (ROGs). (*See* ECF 122.) In accordance with the Court's resolution of the discovery
21   disputes during the Conference, the Court **ORDERS** the following:
22        Under the Federal Rules of Civil Procedure, the parties may obtain discovery
23   regarding any nonprivileged matter that is relevant to any party's claim or defense
24   and proportional to the needs of the case, considering the importance of the issues
25   at stake in the action, the amount in controversy, the parties' relative access to
26   relevant information, the parties' resources, the importance of the discovery in
27   resolving the issues, and whether the burden or expense of the proposed discovery
28

1

outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). District courts also have broad discretion to limit discovery to prevent its abuse. *See* Fed. R. Civ. P. 26(b)(2). The party seeking to compel discovery has the burden of first establishing that its request satisfies the relevancy requirements of Federal Rule of Civil Procedure 26(b)(1). *Soto v. City of Concord*, 162 F.R.D. 693, 610 (N.D. Cal. 1995).

Plaintiff sought enforcement of RFPs 5-9 of his Second set of RFPs to Defendant Pollard. Plaintiff agreed to limit the date range to December 2020 to December 2021. Over Defendants' objection but with Plaintiff's agreement, the Court found that complaints by employees for not following COVID-19 protocols (RFP 5) and memorandum filed by employees concerning complaints about not following COVID-19 protocols (RFP 6) were relevant to Plaintiff's case. Further, letters of instructions issued to subordinates concerning violations of COVID-19 protocols (RFP 7), documents which show corrective action taken against subordinates for not following COVID-19 protocols (RFP 8), and documents which show adverse action taken against subordinates for not following COVID-19 protocols (RFP 9) were relevant to Plaintiff's case and therefore discoverable. Plaintiff has alleged in his complaint that employees did not follow COVID-19 protocols which resulted in injury to him. This discovery would tend to support that allegation. Defendant indicated he would inquire for this discovery and contact Plaintiff with the results within two weeks.

Plaintiff sought discovery requested in RFPs 1-2, 8 and 10 of his first set of RFPs to Defendant Pollard. Defendant responded that they had no responsive documents. Plaintiff requested a certificate from the custodian of records, which the

1    Court denied.

2           In his third set of ROGs to Defendant Pollard, Plaintiff requested the names

3    of porters for Facility A, Buildings 1 and 2. Defendant conducted a good faith

4    inquiry for this information. The Facility responded that it did not have that

5    information. Plaintiff concurred with that response.

6           Plaintiff requested responses to ROGs 1-3, 6-7 in his second set of ROGs to

7    Defendant Allison. The Court found that ROGs 1-3 and 7 were not relevant to any

8    important issue in the case. The Court further found that Defendant had answered

9    ROG 6.

10

11   Dated:  December 8, 2023

12                                            Hon. Bernard G. Skomal
                                              United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order  (3:21-cv-00055-RSH-BGS)